Dear Mr. Dames:
This letter is in response to your request for an opinion reading as follows:
 "How can the Missouri Driver's License Bureau interpret the statutes governing temporary suspension of a driver's license (due to excessive points for speeding violations) in such a way as to deprive family members the use of the vehicle, and to require the person temporarily suspended to have an SR-22 filing (obtainable only through high casualty insurance companies) when, in fact, the present insurance carrier has agreed to continue coverage far exceeding the requirements of the SR-22 per the attached letter."
Section 303.150, RSMo 1978, specifically requires the Director of Revenue to suspend the registration of all motor vehicles in the name of any person whose driving privileges have been suspended or revoked under any law of this state, unless such person has previously given or shall immediately give and thereafter maintain proof of financial responsibility with respect to all motor vehicles registered by such person. It is apparent from the face of this statute that the Director is authorized to suspend the registration of any vehicle owned solely by an individual whose driving privileges have been revoked or suspended because of the accumulation of points for speeding violations. Section 303.320, RSMo 1978, further provides that if any owner's registration has been suspended hereunder, such registration shall not be transferred nor the motor vehicle in respect of which such registration was issued registered in any other name until the director is satisfied that such transfer of registration is proposed in good faith and not for the purpose or with the effect of defeating the purpose of the Safety Responsibility Law.
In subsequent correspondence dealing with this opinion request, you asked whether this disability would apply to jointly owned vehicles. The term "owner" is defined in Section 303.020(9), RSMo 1978, as a person who holds the legal title to a motor vehicle. When an individual's license is suspended or revoked under Chapter 302 for point violations, the director only suspends the motor vehicle registration of all vehicles registered in the name of that person solely. When a vehicle is jointly owned by a licensee whose driving privileges have been suspended and another individual whose license is still in effect, the motor vehicle registration is not suspended. Under these circumstances, the suspended licensee cannot be considered the owner of the motor vehicle, but only an individual with an ownership interest which is shared with another.
Your second question reveals a basic misunderstanding of the nature of an "SR-22 Form." The form (copy enclosed) is only a means of demonstrating compliance with the statutes. Section 303.160, RSMo 1978, states that proof of financial responsibility when required under Chapter 303 may be given by filing a certificate of insurance as provided in Section 303.170
or Section 303.180. Section 303.180, RSMo 1978, is a means of providing proof of insurance by a nonresident. Section303.170, RSMo 1978, provides as follows:
 "1. Proof of financial responsibility may be furnished by filing with the director the written certificate of any insurance carrier duly authorized to do business in this state certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility. Such certificate shall give the effective date of such motor vehicle liability policy, which date shall be the same as the effective date of the certificate, and shall designate by explicit description or by appropriate reference all motor vehicles covered thereby, unless the policy is issued to a person who is not the owner of a motor vehicle.
 "2. No motor vehicle shall be or continue to be registered in the name of any person required to file proof of financial responsibility unless such motor vehicle is so designated in such a certificate."
Even a casual reading of this section demonstrates that certain information must be set forth when filing proof of responsibility by insurance certificate before the certificate can be accepted by the director. More importantly, the information contained therein must be certified in writing by an insurance carrier authorized to do business in this state. Once a certificate is given, the company has the responsibility of notifying the director in the event of cancellation. See
Section 303.210, RSMo 1978.
The "SR-22 Form" was developed as a standard certificate in order to ensure that all requirements were met. It is not necessary that such a form be filed with the director when proof of financial responsibility is required, but all of the information contained on that form must be presented and certified in order to comply with Section 303.170, RSMo 1978. The letter which you provided in your opinion request is simply not adequate as an insurance certificate. It is not certified by anybody, but is merely a statement under the signature of a person who is not listed upon the departmental records as being authorized to bind the insurance company. Under these circumstances, the director has no assurances that a proper insurance policy will be in effect as required by Chapter 303.
Only the insurance company can determine whether or not it wishes to continue to insure someone whose license to drive has been suspended or revoked. Section 379.114, RSMo 1978, specifically permits an insurer to cancel a policy following suspension or revocation during the policy period. However, once the decision to insure is made, the insurance company must provide the Director of Revenue with a certificate of insurance sufficient to meet the requirements of the statute.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure
 ________________________________________ | | Name and | | Address of | | Insurance Company | ______________________________________ |
INSTRUCTIONS:
 MAIL ORIGINAL AND COPY TO THE ADMINISTRATIVE AUTHORITY WITH WHICH THIS CERTIFICATE IS FILED.
 (ORIGINAL) AAMVA UNIFORM | Case No. FP. ________ FINANCIAL RESPONSIBILITY FORM | Official Use Only | _____________________ Name of Insured _______________________________________________________ Last Name First Middle
Address of Insured ____________________________________________________
Current Policy No. ______________ Effective From ________ to __________
 This Certification is effective from ___________________ and continues until canceled or terminated in accordance with the financial responsibility laws and regulations of this state. The insurance hereby certified is provided by an:
 [ ] OWNER'S POLICY-applicable to the following described vehicles(s): _______________________________________________________________________ Year of Model | Trade Name | Model | Body Type | Identification No. ________________ | __________ | _____ | _________ | ___________________ ________________ | __________ | _____ | _________ | ___________________ ________________ | __________ | _____ | _________ | ___________________ (If space above is insufficient to contain all motor vehicles covered, prepare list on paper of identical width and paste on.)
[ ] OPERATOR'S POLICY-applicable to any non-owned vehicle.
SR-22
MISSOURI FINANCIAL RESPONSIBILITY INSURANCE CERTIFICATE
 The company signatory hereto here by certifies that it has issued to the above named insured a motor vehicle liability policy a required by the financial responsibility laws of this state, which policy is in effect on the effective date of this certificate.
 _______________________________________________________________________ Name of Insurance Company
 Date _______________________ By _______________________________________ Signature of Authorized Representative